# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>FRANCISCO ALBERTO DIAZ-ESPANA,<br><br>　　Defendant. | Case No. 2:09-cr-00127-LDG (PAL)<br><br>**ORDER** |

　　The defendant, Francisco Alberto Diaz-Espana, moves for a *nunc pro tunc* amendment of the judgment (#56). The government opposes the motion (#57). As the Court lacks authority to grant the requested relief, the court must deny the motion.

　　The defendant was in state custody when he was indicted and arrested by federal authorities in the instant case. He appeared in this Court pursuant to a writ of habeas corpus *ad prosequendum* and eventually pled guilty. The defendant remained in state custody pending his federal sentencing. Defense counsel represents that, prior to sentencing, she endeavored to have the defendant's federal sentence imposed after he was paroled from his state sentence. Her purpose was to ensure that, at the the time of the federal sentencing, the defendant would be in federal custody, and thus would be

placed in a federal facility where he could avail himself of federal programming. In her efforts, defense counsel conferred with state authorities who indicated their belief that the defendant would be paroled from his state sentence prior to July 9, 2010.

Prior to the defendant's federal sentencing, state authorities issued a warrant against the defendant on an unrelated criminal offense. The defendant's federal counsel and his state counsel then coordinated his federal and state sentencing, so that the federal sentence would occur first.

On July 9, 2010, the Court sentenced the defendant to a term of 37 months. Four days later, the defendant was sentenced in the state case to a term of 12 - 30 months. The state sentencing judge ordered that the state sentence run concurrent with the federal sentence imposed by this Court.

Subsequent to the federal and state impositions of sentence, defense counsel learned that the defendant had not been paroled from his first state sentence prior to the imposition of his federal sentence.[1] As such, when the Court sentenced the defendant, he was not in federal custody but was instead in state custody. Further, he remained in state custody on the first state sentence until after the imposition of his sentence on his second state case. As a result, upon completion of the first state sentence, the defendant was not transferred to federal custody to commence his federal sentence, but remained in state custody to begin serving his second state sentence. As the defendant was not transferred to federal custody until the completion of his second state sentence, his federal sentence did not commence until after he completed his state sentence.

---

[1] Defense counsel represents that the defendant's state sentence did not expire before July 9, 2010, as originally expected, because state authorities determined (after July 9, 2010) that the defendant was not eligible to receive "work credits" toward his first state sentence while housed at the North Las Vegas Detention Center. The defendant had been housed at the North Las Vegas Detention Center, in state custody, while appearing in federal court pursuant to the writ of habeas corpus ad prosequendum.

The defendant now seeks to have this court amend his judgment *nunc pro tunc* to the date his federal sentence was imposed to recommend, to the Bureau of Prisons, that his federal sentence commence on the date that it was imposed.  The government opposes the motion because no authority exists for the Court to amend the judgment in a criminal case under these circumstances.  Though the defendant seeks only to amend the judgment to include a recommendation to the Bureau of Prisons, the Court agrees with the government that it lacks authority to so amend the judgment.

"'*Nunc pro tunc* amendments are permitted primarily so that errors in the record may be corrected. The power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.'  It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *United State v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (quoting *Martin v. Henley*, 452 F.2d 295, 299 (9th Cir.1971).  The requested amendment to the judgment does not seek to correct an error in the record, but to alter the substance of what occurred.  The judgment, as it presently stands, is not an erroneous record of the sentence imposed by this court.  A *nunc pro tunc* amendment of that judgment, even to include only a recommendation, would be an alteration of the substance of what occurred.  Accordingly, the Court must deny the motion.

The Court would note that, while it cannot amend the judgment, the Court can make a current recommendation to the Bureau of Prisons that it make a *nunc pro tunc* designation of the defendant to a state prison.  Accordingly, the Court recommends that the Bureau of Prisons designate *nunc pro tunc* the defendant for service of the federal sentence imposed in this matter to a non-federal facility, and that this *nunc pro tunc* designation be effective to July 9, 2010, or to a suitable date thereafter on which the defendant was in custody in a non-federal facility appropriate and suitable to the Bureau of Prisons.

1 | Therefore, as this court lacks authority to grant Defendant's motion to amend the judgment *nunc pro tunc* under these circumstances,

THE COURT **ORDERS** that Defendant's Motion for *Nunc Pro Tunc* Amendment of Judgment (#56) is DENIED.

DATED this ____4____ day of January, 2012.

_____
Lloyd D. George
United States District Judge